UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARETH WARREN ROBINSON,<br><br>Petitioner,<br><br>v.<br><br>KIM CRADDOCK,[1]<br><br>Respondent. | Case No. 1:24-cv-00551-SAB-HC<br><br>ORDER SUBSTITUTING KIM CRADDOCK AS RESPONDENT, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 8) |

Petitioner, represented by counsel, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 6, 7, 10.)

**I.**

**BACKGROUND**

Petitioner was convicted in the Tuolumne County Superior Court of committing a lewd act on a fourteen-year-old child. Petitioner was placed on probation for two years and ordered to serve six months in jail as a condition of probation. (LDs[2] 1, 2.) On January 25, 2024, the

---

[1] Kim Craddock is the current Chief Probation Officer of the Calaveras County Probation Department. Accordingly, Kim Craddock is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[2] "LD" refers to the documents electronically lodged by Respondent on July 9, 2024. (ECF No. 9.)

1

California Court of Appeal, Fifth Appellate District affirmed the judgment and denied Petitioner's state habeas petition. (LDs 2, 5, 6.) On April 11, 2024, the California Supreme Court denied the petition for review. (LDs 3, 4.) On May 1, 2024, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which denied the petition on October 1, 2024.[3] (LD 7.)

Meanwhile, on May 9, 2024, Petitioner filed a federal petition for writ of habeas corpus in this Court. (ECF No. 1.) On July 9, 2024, Respondent filed a motion to dismiss the petition pursuant to Younger v. Harris, 401 U.S. 37 (1971). (ECF No. 8.) On August 28, 2024, Petitioner filed an opposition. (ECF No. 13.) On September 11, 2024, Respondent filed a reply. (ECF No. 14.)

## II.

## DISCUSSION

**A. Abstention**

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). In Younger, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. Young er, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). See also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court.").

The Ninth Circuit has "articulated a four-part test" and held that:

> Younger abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an

---

[3] Appellate Case Information, California Courts, http://appellatecases.courtinfo.ca.gov (search by "Case Number" for "S284835") (last visited Oct. 17, 2024). See Fed. R. Evid. 201(b)(2); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)); Worthy v. Hartley, No. 1:09-cv-01867-JLT HC, 2010 WL 1339215, *3 n.2 (E.D. Cal. Apr. 2, 2010) ("[T]he internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.").

|   |   |
|---|---|
| 1 | adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. |
| 2 |   |

Duke v. Gastelo, 64 F.4th 1088, 1094 (9th Cir. 2023) (quotation marks and brackets omitted) (quoting Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018)). "Abstention is only appropriate when all four requirements are met." Id. (citing AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007)). "However, even if Younger abstention is appropriate, federal courts do not invoke it if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" Arevalo, 882 F.3d at 765–66 (quoting Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)).

Respondent "move[s] to dismiss the petition as premature because finality of direct review had not occurred when Petitioner filed his federal petition" and argues that "[t]he Younger abstention doctrine requires that a federal habeas petition filed before a state judgment is final be dismissed." (ECF No. 14 at 1.) Respondent contends that "[b]ecause Petitioner filed his federal petition while his state appeal was pending, dismissal is required (even if Petitioner's appeal is now completed)." (Id. at 2.) Respondent notes that Petitioner filed his federal petition on May 9, 2024, but "[t]he time to seek direct review [ended] on July 9, 2024, when the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court expires." (ECF No. 8 at 2.) Petitioner asserts that "Respondent cannot meet the fourth requirement for *Younger* abstention" because "finality of direct review has occurred, [and] this Court's adjudication of Petitioner's federal claims could not 'interfere with the state proceeding in a way that *Younger* disapproves,'" and thus, "[i]n practical effect, Respondent's motion to dismiss is moot." (ECF No. 13 at 2 (quoting San Jose Silicon Valley Chamber, 546 F.3d at 1092).)

The only factor in dispute is the fourth requirement that the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. (ECF No. 13 at 2.) The Court appreciates Petitioner's argument that in practical effect the Younger abstention issue is moot because finality of direct review has now occurred and any action this Court takes would not interfere with any state proceeding. However, this Court "must conduct the Younger

analysis in light of the facts and circumstances existing at the time the federal action was *filed*." Duke, 64 F.4th at 1093 (emphasis added) (quotation marks and citations omitted). "Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action." Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) (emphasis in original). "Although the state court proceedings [a]re completed . . . and an abstention order in this case may result simply in the [petitioner] refiling their federal [habeas petition], this outcome is required by Younger." Id. Accordingly, the Court finds the petition should be dismissed without prejudice pursuant to Younger given that the federal petition was filed before the state judgment was final.[4] See Perez v. Phillips, No. 1:24-cv-00554-KES-SKO (HC), 2024 WL 3845712 (E.D. Cal. Aug. 16, 2024) (recommending dismissal based on Younger because federal petition filed before the time to file a petition for writ of certiorari in the United States Supreme Court expired). Petitioner does not establish any extraordinary circumstance that would make abstention inappropriate.

**B. Certificate of Appealability**

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

---

[4] "Finality is a concept that has been 'variously defined; like many legal terms, its precise meaning depends on context.' But here, the finality of a state-court judgment is expressly defined by statute as 'the conclusion of direct review or the expiration of the time for seeking such review.'" Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (first quoting Clay v. United States, 537 U.S. 522, 527 (2003); then quoting 28 U.S.C. § 2244(d)(1)(A)). "[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the 'availability of direct appeal to the state courts,' and to th[e Supreme] Court, has been exhausted. Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence[.]'" Jimenez, 555 U.S. at 119–20 (first and second alteration added) (citations omitted).

4

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, reasonable jurists would not find the Court's determination that Petitioner's habeas petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

///

///

///

5

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 8) be GRANTED;
2. The petition be DISMISSED without prejudice;
3. The Clerk of Court is DIRECTED to:
    a. SUBSTITUTE Kim Craddock as Respondent in this matter; and
    b. CLOSE the case; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **October 31, 2024**

UNITED STATES MAGISTRATE JUDGE