# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARETH WARREN ROBINSON,<br><br>Petitioner,<br><br>v.<br><br>KIM CRADDOCK,<br><br>Respondent. | Case No. 1:24-cv-00551-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT, TERMINATING REQUEST FOR STATUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 17, 21) |

Petitioner, represented by counsel, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 6, 7, 10.)

**I.**

**BACKGROUND**

Petitioner was convicted in the Tuolumne County Superior Court of committing a lewd act on a fourteen-year-old child. Petitioner was placed on probation for two years and ordered to serve six months in jail as a condition of probation. (LDs[1] 1, 2.) On January 25, 2024, the California Court of Appeal, Fifth Appellate District affirmed the judgment and denied Petitioner's state habeas petition. (LDs 2, 5, 6.) On April 11, 2024, the California Supreme Court denied the petition for review. (LDs 3, 4.) On May 1, 2024, Petitioner filed a petition for writ of

---

[1] "LD" refers to the documents electronically lodged by Respondent on July 9, 2024. (ECF No. 9.)

1  habeas corpus in the California Supreme Court, which denied the petition on October 1, 2024.[2]
2  (LD 7.)

3  Meanwhile, on May 9, 2024, Petitioner filed a federal petition for writ of habeas corpus
4  in this Court. (ECF No. 1.) On July 9, 2024, Respondent filed a motion to dismiss the petition
5  pursuant to Younger v. Harris, 401 U.S. 37 (1971). (ECF No. 8.) The Court granted the motion
6  to dismiss and dismissed the petition without prejudice. (ECF No. 15.)

7  Petitioner has moved to alter or amend the judgment pursuant to Rule of Civil Procedure
8  59(e). (ECF No. 17.) Respondent filed a response, and Petitioner filed a reply. (ECF Nos. 19,
9  20.)

## II.

## DISCUSSION

**A.  Motion to Alter or Amend Judgment**

Petitioner has moved to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e). (ECF No. 17.) The Ninth Circuit has recognized that altering or amending a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).

In Younger, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. Younger, 401 U.S.

---

[2] Appellate Case Information, California Courts, http://appellatecases.courtinfo.ca.gov (search by "Case Number" for "S284835") (last visited Oct. 17, 2024). See Fed. R. Evid. 201(b)(2); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)); Worthy v. Hartley, No. 1:09-cv-01867-JLT HC, 2010 WL 1339215, *3 n.2 (E.D. Cal. Apr. 2, 2010) ("[T]he internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.").

at 41; Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). The Ninth Circuit "articulated a four-part test" and held that:

> Younger abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

Duke v. Gastelo, 64 F.4th 1088, 1094 (9th Cir. 2023) (quotation marks and brackets omitted) (quoting Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018)). The Ninth Circuit has held that courts "must 'conduct the Younger analysis "in light of the facts and circumstances existing at the time the federal action was *filed*."'" Duke, 64 F.4th at 1093 (emphasis added) (quoting Rynearson v. Ferguson, 903 F.3d 920, 924 (9th Cir. 2018) (quoting Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 881 n.6 (9th Cir. 2011))).

In the order dismissing the petition, this Court stated:

> The only factor in dispute is the fourth requirement that the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. (ECF No. 13 at 2.) The Court appreciates Petitioner's argument that in practical effect the Younger abstention issue is moot because finality of direct review has now occurred and any action this Court takes would not interfere with any state proceeding. However, this Court "must conduct the Younger analysis in light of the facts and circumstances existing at the time the federal action was *filed*." Duke, 64 F.4th at 1093 (emphasis added) (quotation marks and citations omitted). "Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action." Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) (emphasis in original). "Although the state court proceedings [a]re completed . . . and an abstention order in this case may result simply in the [petitioner] refiling their federal [habeas petition], this outcome is required by Younger." Id. Accordingly, the Court finds the petition should be dismissed without prejudice pursuant to Younger given that the federal petition was filed before the state judgment was final.[3] See Perez v. Phillips, No. 1:24-cv-00554-KES-SKO (HC), 2024 WL 3845712 (E.D. Cal. Aug. 16, 2024) (recommending dismissal based on Younger because federal petition filed before the time to file a petition for writ of certiorari in the United States Supreme Court expired).

---

[3] "Finality is a concept that has been 'variously defined; like many legal terms, its precise meaning depends on context.' But here, the finality of a state-court judgment is expressly defined by statute as 'the conclusion of direct review or the expiration of the time for seeking such review.'" Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (first quoting Clay v. United States, 537 U.S. 522, 527 (2003); then quoting 28 U.S.C. § 2244(d)(1)(A)). "[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the 'availability of direct appeal to the state courts,' and to th[e Supreme] Court, has been exhausted. Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence[.]'" Jimenez, 555 U.S. at 119–20 (first and second alteration added) (citations omitted).

> Petitioner does not establish any extraordinary circumstance that would make abstention inappropriate.

(ECF No. 15 at 3–4 (footnote in original).)

Petitioner moves to alter or amend the judgment, arguing that "the timing of a federal petition's filing is not relevant to the analysis of *Younger*'s fourth factor," which "operates independently of the other factors," and "the fourth factor is not satisfied unless the federal court action would *actually* interfere in the state court action in a way that *Younger* disapproves." (ECF No. 20 at 2, 3.) However, Petitioner cites to no authority holding that the fourth factor is not subject to the mandate that courts "must conduct the Younger analysis in light of the facts and circumstances existing at the time the federal action was *filed*." Duke, 64 F.4th at 1093 (emphasis added) (quotation marks and citations omitted). The Court finds that the extraordinary relief under Rule 59(e) is not warranted. See Perez v. Phillips, No. 1:24-cv-00554-KES-SKO (HC), 2025 WL 51212 (E.D. Cal. Jan. 8, 2025) (dismissing petition based on Younger because federal petition filed before the time to file a petition for writ of certiorari in the United States Supreme Court expired).

### B. Certificate of Appealability

The Court now turns to whether a certificate of appealability ("COA") should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of relief, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. In United States v. Winkles, 795 F.3d 1134 (9th Cir. 2015), the Ninth Circuit held that a certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion." 795 F.3d at 1142. If a court denies a Rule 60(b) motion in a § 2255 proceeding, a certificate of appealability should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." Winkles, 795 F.3d at 1143. "Given that section 2255 'was intended to mirror § 2254 in operative effect,' and that the language used in sections

2253(c)(1)(A) and (c)(1)(B) is functionally identical," id. at 1141 (citations omitted), the Court applies the standard set forth in Winkles to determine whether a certificate of appealability should issue regarding the denial of Petitioner's Rule 59(e) motion to alter of amend the judgment arising out of the dismissal of his § 2254 petition. See Payton v. Davis, 906 F.3d 812, 818 n.8 (9th Cir. 2018) (recognizing that the analysis in Winkles applies to a motion for relief from judgment arising from the denial of a § 2254 petition); United States v. Lanphear, No. 22-35204, 2023 WL 4145437, at *1 (9th Cir. June 23, 2023) ("To be sure, *Winkles* was decided in the context of a denial of a Rule 60(b) motion, not a Rule 59(e) motion. However, its logic applies equally well to Rule 59(e) motions for reconsideration and, in fact, courts in this district have generally assumed that its standard applies to such motions." (citation omitted)).

Here, the Court finds that jurists of reason would not find it debatable whether the Court abused its discretion in denying the Rule 59(e) motion for relief from judgment. As both prongs of the standard must be satisfied and Petitioner has failed to meet one of them, Petitioner is not entitled to a certificate of appealability under Winkles.

### III.
### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to alter or amend the judgment (ECF No. 17) is DENIED;
2. Petitioner's request for status (ECF No. 21) is TERMINATED; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **May 12, 2025**

STANLEY A. BOONE
United States Magistrate Judge